# UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:

    John Jay Behn

Debtor

Case No.: 20-05864
Chapter: 13
Judge Timothy A. Barnes

## NOTICE OF MOTION

**TO:** U.S. Bankruptcy Court Northern District of Illinois, Eastern Division ATTN: Room 710 219 S. Dearborn Chicago, IL 60604.

Marilyn O. Marshall, Chapter 13 Trustee, 224 South Michigan Ste 800, Chicago, IL 60604 by certified mail

Codilis & Associates C/O Peter C. Bastianen, P.C. 15W030 North Frontage Road, Suite 100 Burr Ridge, IL 60527

PLEASE TAKE NOTICE that on 6/25/2020, at 3:00PM, or as soon thereafter as I may be heard, I shall appear before the Honorable Judge Timothy A. Barnes, Bankruptcy Judge, in the courtroom usually occupied by him/her at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, room 744, or before any other Bankruptcy Judge who may be sitting in his/her place and stead, and shall then and there present this opposition motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear is you so desire.

## PROOF OF SERVICE

The undersigned, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee via certified mail May 27, 2020 and as to Peter Bastianen by causing same to be mailed in a properly addressed envelope, postage prepaid, from 707 E. Talbot Street, Arlington Heights, IL 60004, before the hour of 5:00 PM on May 28, 2020.

                                                                          /s/ John J. Behn

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re

John Jay Behn

Case No.: 20-05864
Chapter: 13

Judge Timothy A. Barnes

Debtor

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAY 27 2020
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

### DEBTOR'S MOTION TO DISMISS MOVANT'S REQUEST FOR RELIEF FROM AUTOMATIC STAY

John J. Behn hereby opposes movant's motion to life automatic stay and respectfully requests the court dismiss movant's motion because it lacks the standing to so move, he is not using the automatic stay as a ploy to drag out foreclosure proceedings, and the stay remaining in effect is serves the public interest because lifting it during a global pandemic is unconscionable.

### ARGUMENT

1. U.S. Bank lacks standing to move to lift the automatic stay. Movant has no valid claim to title for the property at issue, as the mortgage note was fraudulently transferred 7 times. Movant has filed a proof of claim. The act of filing a proof of claim constitutes a party's consent to the jurisdiction of the bankruptcy court to adjudicate both a) matters pertaining to the claim itself and b) related matters including claims by the debtor against the creditor. By filing a proof of claim against the estate, a creditor triggers the process of allowance and disallowance of claim and an adversary proceeding seeking recovery against the creditor becomes part of the claim allowance process. In addition, the creditor must file a complete proof of claim which must provide a reasonable number of supporting documents including contracts and or invoices. There were seven illegal transfers of the note after movant supposedly purchased the mortgage and placed in trust. Debtor is entitled to a full accounting. Granting the motion to lift the stay jeopardizes the very essence of the bankruptcy process, which is supposed to protect both the creditors and debtors in a fair and open process. Lifting the stay deprives debtor the opportunity to contest the proof of claim which the bankruptcy code specifically gives him the right to do.

2. Debtor is not, as movant alleges, using the automatic stay as a ploy to drag out foreclosure proceedings. Rather, debtor is merely using the tools provided by the bankruptcy courts to declare bankruptcy as is his right do so. Debtor is not barred or a restricted filer, nor is co-debtor. Every time bankruptcy was filed debtor and co-debtor made payments and followed the Chapter 13 rules. Debtor requested a full accounting of

the loan from beginning to end which movant has repeatedly, and in bad faith, failed to deliver in both state and federal court. Further, lifting the automatic stay is contrary to the legislative intent behind 1 USCS § 362, which serves to protect both debtors and creditors by ensuring an orderly bankruptcy process. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that." *11 USCS § 362, House Judiciary Report.* So, lifting the stay would be contrary to the intent behind the purpose of the automatic stay and disruptive to the necessary order of proceedings that protect both debtors and creditors.

3. Further, lifting stay would infringe co-debtor's protected rights because this proceeding is only in John J. Behn's name. When co-debtor filed the first-time, opposing counsel made repeated offers to work with us on a modification but did nothing for seven months. In so doing, opposing counsel misrepresented their intent and acted in bad faith.

4. Debtor disputes the allegations made in movant's motion under paragraph 8. Debtor requested a complete accounting and valuation of the property each time he filed bankruptcy. There was no unreasonable delay, debtor made payments on each filing until movant denied his request for accounting. The plan was never confirmed because movant never provided a complete accounting.

5. The bank will not suffer substantial harm if the stay remains in place. This process has taken place over 10 years, yet movant has not produced one piece of discovery requested. There were seven illegal transfers of the note, debtor has repeatedly requested additional information which movant has ignored, but debtor is entitled to. Movant is one of the largest loan servicers in the world, and this one piece of property is simply a drop in the bucket for them. Especially considering the substantial insurance policies they have in place to protect them from foreclosures. Alleging substantial harm is farcical given the context.

6. Continuation of the stay serves the public interest. There is currently a statewide Stay at Home Order in place which stipulated enforcement of evictions for residential premises is contrary to the interest of preserving public health. Therefore, given the current stakes in this global pandemic it is unconscionable that movant is attempting to push this through and lift the stay immediately, and debtor urges the court to dismiss their motion.

For all the aforementioned reasons, debtor respectfully requests the court dismiss movant's motion to lift the automatic stay.

Respectfully submitted,
/s/ John J. Behn