**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>John Jay Behn<br>*dba* Universal Risk Management, Inc<br><br>Debtor | Case No.: 20-05864<br>Chapter: 13<br>Hearing Date: 06/25/2020<br><br>Judge Timothy A. Barnes |

**RESPONSE TO DEBTOR'S MOTION TO DISMISS MOVANT'S REQUEST FOR RELIEF FROM AUTOMATIC STAY AND REPLY IN SUPPORT OF MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. 362(d)(4) AND 1301(a)**

**NOW COMES** U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CMLTI ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC3 (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and in Response to Debtor's Motion to Dismiss Movant's Request for Relief from Automatic Stay (hereinafter "Debtor's Motion") and in support of its previously filed Motion for In Rem Relief from the Automatic Stay and Co-debtor Stay pursuant to pursuant to 11 U.S.C. §362(d)(4) and §1301(a) (hereinafter "Movant's Motion") states as follows:

**Relevant Facts and Procedural History**

The Exhibits attached to Movant's Motion show the following: Movant is the Plaintiff in pending foreclosure case # 2012 CH 11352, in the Circuit Court of Cook County, Illinois, in regard to the property commonly known as 707 E Talbot Street, Arlington Heights, IL 60004 (hereinafter "Subject Property"); On 03/29/2012, Movant filed its Complaint to foreclose on the subject note and mortgage against the above-described real estate, alleging that the loan was due for the 01/01/2011 monthly installment payment onward; (*See* **Motion Exhibit A**). Movant's Complaint to foreclose establishes that Debtor signed a Note in the amount of $480,000.00 secured by a properly

recorded mortgage against the Subject Property. The original lender was Argent Mortgage Company, LLC. The note was endorsed by the original lender Argent Mortgage Company, LLC in blank; On 08/08/2017, after prolonged litigation, Plaintiff's Motion for Summary Judgment against the Debtor and his spouse was granted, and a Judgment of Foreclosure and Sale was entered; (*See* **Motion Exhibit B**);[1] Pursuant to that Judgment, a foreclosure sale was scheduled for 11/09/2017, which is when the Debtor and his spouse started filing bankruptcies and the adversarial complaint, detailed in the Movant's Motion.

Plaintiff filed its Proof of Claim in this matter on 4/22/2020 as claim # 2. Plaintiff's Proof of Claim includes the full payment history through the period of the default and all necessary supporting documentation. Plaintiff's Proof of Claim show's Plaintiff's total claim is for $757,358.34 and that the total pre-petition arrears due is $298,998.18.

To date, Movant has not received a single mortgage payment in over 9 years, including during any of the five (5) cases filed by the Debtor and his non-filing co-debtor spouse, nor has any Plan been confirmed.

## Argument

In response to Movant's Motion, Debtor has filed a six paragraph Motion to Dismiss Movant's Request for Relief from Automatic Stay. Debtor's Motion alleges Movant lack's standing and is replete with legal and factual conclusions, but completely devoid of any allegations of specific fact or law in support of his claims or rebutting the allegations set forth in Movant's Motion.

### A. Debtor's Motion is Barred as a Matter of Law

Debtor's Motion to dismiss seeks to re-litigate the issues of standing and the amounts owed on Movant's lien, both of which were already ruled on by the state court and are, thus, barred by the

---

[1] The foreclosure litigation was described in a motion to dismiss Debtor's spouse's adversary complaint against Movant in adversary case #19-00111 and is incorporated herein by this reference.

*Rooker-Feldman* doctrine. Debtor's arguments are virtually identical to the claims he and his spouse attempted to assert in defense of the State Court foreclosure action, which the Circuit Court of Cook County has already rejected. *See* **Motion Exhibit B**.

The Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 484 (1983); *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the federal court proceedings commenced. *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016).

The *Rooker-Feldman* doctrine also encompasses claims that were not raised in state court action if those claims are "inextricably intertwined" with a state court judgment. *Id.* A claim is "inextricably intertwined" with a state court judgment if the federal claim alleges that the injury was caused by the state court judgment, or, if the federal claim alleges an independent prior injury that the state court failed to remedy. *Id.* The Seventh Circuit and district courts in this District have applied *Rooker-Feldman* to state court foreclosure proceedings. *See, e.g., Green v. Wells Fargo*, No. 12 C 6848, 2013 WL 1966567, at *2 (N.D. Ill. 2013) (dismissing complaint challenging foreclosure orders based on the *Rooker-Feldman* doctrine); *Gonzalez v. Bank of Am., N.A.*, No. 13 CV 3463, 2014 WL 26283, at *4 (N.D. Ill. Jan. 2, 2014) (dismissing a claim based on the *Rooker-Feldman* doctrine because the "allegations directly challenge the state court judgment by suggesting that the mortgage and note upon which it relied were invalid"). The Seventh Circuit likewise has applied the doctrine to preclude district court review of judgments of foreclosure, despite the interlocutory nature of those judgments. *See Carpenter v. PNC Bank, National Ass'n*, 663 F. App'x 346, 348 (7th Cir. 2016) (barring under *Rooker-Feldman* borrower's federal claims challenging the Illinois foreclosure judgment). Thus, although the final order approving sale has not yet been

entered, Plaintiff cannot challenge the judgment of foreclosure, as the state court has already determined the parties' rights as they relate to the note and mortgage.

Here, the Circuit Court of Cook County has already entered a judgment of foreclosure and sale against the Debtor and his spouse. In that case, Debtor attempted to make the same arguments he makes in Debtor's Motion. For example, Debtor questions Movant's standing to foreclose based on being the legal holder of the note, challenges the legality of the Pooling and Servicing Agreement and Assignments of Mortgage, he also repeatedly claims he hasn't received an accounting. These claims are either identical to, or inextricably intertwined with the state court foreclosure judgment. *See Gonzalez*, 2014 WL 26283 at *12 (claims "that the mortgage and note upon which it relied were invalid" held inextricably intertwined with foreclosure judgment for purposes of applying *Rooker-Feldman*). The Cook County Circuit Court, in order to enter a judgment of foreclosure and sale, necessarily found that Plaintiff had standing to enforce the Note and Mortgage, and had complied with Illinois Mortgage Foreclosure Law governing foreclosure proceedings. Thus, the state court has already determined the merits of these claims, and the Debtor's attempt to resurrect that issue is bared by the *Rooker-Feldman* doctrine.

Additionally, this is at least the second time the Debtor has made the same arguments in bankruptcy. In Debtor's spouse's prior case an adversary was filed which made the same arguments. ADV CASE # 19-00111. Judge Doyle dismissed that case based on the *Rooker-Feldman* doctrine. Accordingly, Debtor's arguments in this case are barred by *res judicata* as well.

B. **<u>Movant has Met it's Statutory Burden of Proof</u>**

Pursuant to 11 U.S.C. §362(g), the burden of proof with respect to Debtor's equity in the property is on the Movant, and the burden of proof with respect to any other issue is on the Debtor. "Verified schedules and statements filed by Debtors are not just pleadings, motions or exhibits, they contain evidentiary admissions. *In re Earl*, 140 B.R. 728, 730 n.2 (Bankr. N.D. Ind. 1992); *In re Cobb*, 56 B.R. 440, 442 n.3 (Bankr. N.D. Ill. 1985).

Debtor's Schedule A values the Subject Property at $372,176.00 and Schedule D lists liens against the property totaling $480,000.00 for the Movant's claim alone, so Debtor has admitted that there is no equity in the property. Further, Schedule D filed by the Debtor lists Movant "U.S. Bank National Association" as a secured creditor with respect to the Subject Property, and checked the box indicating the nature of Movant's lien as "An agreement you made (such as mortgage or secured car loan)". Although Debtor did also check the box indicating the amount of the claim was disputed, that issue was resolved by the state court's entry of the Judgment of Foreclosure and Sale, as noted above.

### C. Movant Has Established A Colorable Claim for Purposes of Stay Relief

The Seventh Circuit has made clear that "[h]earings to determine whether the stay should be lifted are meant to be summary in character." *In re: Vitreous Steel*, 911 F.2d 1223, 1232 (Bankr. 7th Cir. 1990). "Many cases hold that the issues considered at a §362 hearing are limited strictly to adequacy of protection, equity, and necessity to an effective reorganization." *Id*. (citing cases). "A hearing on a motion to lift the automatic stay under §362(d) is limited in scope. Questions of the validity of liens are not generally at issue in a §362 hearing, but only whether there is a *colorable* claim of a lien on property of the estate." *Id*, at 1234 (emphasis in original).

Other Circuits agree that all that is required of the moving party in a stay relief motion is to show a colorable claim.

> Given the summary and expedited nature of stay litigation, and its non-preclusive effect, the evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.

*In re Thomas*, 469 B.R. 915, 923 (10th Cir. BAP 2012), *aff'd*, 573 Fed. Appx. 753 (10th Cir. 2014).

**Movant has Standing as the Holder of the Original Properly Endorsed Note**

Movant is in possession of the original note endorsed in in blank. The law in Illinois, established by both case authority and the Illinois Uniform Commercial Code, is that a transfer of the note carries with it an equitable assignment of the security. *Federal Nat'l Mortg. Ass'n v. Kuipers*, 314 Ill. App. 3d 631, 635 (Ill. App. Ct. 2000); 810 ILCS 5/3-205. Movant's possession of the original promissory note containing an endorsement from the original lender in blank confers it with standing to enforce the note and foreclose the mortgage. *See*, 810 ILCS 5/3-205, *Siller v. Riva*, 278 Ill. App. 334 (4th Dist. 1935) (possession of the note specially endorsed or endorsed in blank confers standing on the holder); 810 ILCS 5/9-203 Official Comments, *Carpenter v. Longan*, 83 U.S. 271, 275 (1871) (the mortgage follows the note). Therefore, Movant has standing as the holder of the note.

Here, there is no question that there is no equity in the Subject Property and that there is a properly perfected mortgage recorded against the Subject Property. Further, Movant has established a colorable claim by attaching copies of documents showing the relationship between the original lender and itself, including the state court's Judgment of Foreclosure and Sale.

D. **Debtor Bears the Burden of Showing He Made Payments**

As was noted above, pursuant to 11 U.S.C. §362(g), the burden of proof with respect to Debtor's equity in the property is on the Movant, and the burden of proof with respect to any other issue is on the Debtor. This necessarily includes the burden of proof in establishing that all necessary post-petition payments were made in this case and his prior cases. However, Debtor has not provided any proof of having made any payments in any of his cases or any proof rebutting any of the other allegations set forth in Movant's Motion. Rather, Debtor apparently believes that if he claims he has asked for an accounting and did not receive it then he either doesn't need to provide proofs of the payments, he claims to have made or, perhaps, believes this somehow excused him from having to make any payments or having to propose a feasible Plan and have it confirmed.

Debtor's failure to make a single mortgage payment in this case and any prior case, despite alleging substantial disposable monthly income, and his failure to provide for any arrears in his proposed plan show that this case was filed in bad faith, without the intent or ability to reorganize, and solely to continue to frustrate and delay Movant from completing its foreclosure. Payment of the Movant's pre-petition arrears claim in this case over a reasonable amount of time will require monthly payments well in excess of Debtor's monthly disposable income, so Debtor cannot propose a feasible plan.

Further delay or the filing of additional bankruptcy proceedings will cause serious harm to Movant in the accrual of additional interest, taxes, fees and costs. Dismissing this case with a bar to re-filing is an insufficient remedy because the Debtor's spouse will not be barred from filing a sixth (6th) case to stop another foreclosure sale. Debtor and his spouse's history of serial filing without change of circumstances, failure to comply with the provision of Chapter 13 in any of their filings, failure to make any post-petition mortgage payments and failure to ever confirm a plan evidences that the filing of the instant bankruptcy petition is part of a scheme to delay, hinder and defraud Movant through multiple bankruptcy filings affecting the subject property and gives grounds for the Honorable Court to grant <u>in rem</u> relief pursuant to 11 U.S.C. §362(d)(4).

Contrary to the Debtor's self-serving and unsupported claims to the contrary, the Debtor and his co-debtor spouse are "using the automatic stay in *11 U.S.C. § 362(a)* as a litigation ploy to drag out foreclosure proceedings in another jurisdiction [which] constitutes objective bad faith." *In re Lisse*, 2019 U.S. App. LEXIS, *23 (7th Cir. April 1, 2019). No remedy other than a recordable <u>in rem</u> stay relief order pursuant to 11 U.S.C. 362(d)(4) will protect this Movant from further harm.

WHEREFORE, Movant requests that this Court deny Debtor's Motion to Dismiss with prejudice and grant Movant all of the relief prayed for in its Motion.

Dated this June 10, 2020.

Respectfully Submitted,

Codilis & Associates, P.C.

By: /s/ Karl V. Meyer

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Karl V. Meyer ARDC#6220397
Grant W. Simmons ARDC#6330446
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-14-08039)**

NOTE: This law firm is a debt collector.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

IN RE:

John Jay Behn
*dba* Universal Risk Management, Inc

Debtor

Case No.: 20-05864
Chapter: 13
Hearing Date: 06/25/2020

Judge Timothy A. Barnes

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that I have served a copy of this Response upon the parties listed below, as to the Trustee via electronic notice on June 10, 2020 and as to the Debtor and Co-Debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on June 10, 2020.

    Marilyn O Marshall, Chapter 13 Trustee, 224 South Michigan Ste 800, Chicago, IL 60604
     by electronic notice through ECF
    John Jay Behn, Pro Se Debtor, 707 E Talbot St, Arlington Hts, IL 60004
    Kelly Behn, Co-Debtor, 707 E Talbot St, Arlington Hts, IL 60004

                                        /s/ Karl V. Meyer
                                        Attorney for Movant

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Karl V. Meyer ARDC#6220397
Grant W. Simmons ARDC#6330446
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-14-08039)**
NOTE: This law firm is a debt collector.